Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
NOE ESCAMILLA , *individually and on behalf of*
*others similarly situated,*

                           *Plaintiff,*

                 -against-

DESI GALLI INC. (d/b/a DESI GALLI), SECOND
DESI GALLI LLC (d/b/a DESI GALLI),
PRIAVANDA CHOUHAN, PRIA VANDA PATEL,
and ANITA SHARMHA,

                         *Defendants.*
----------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiff Noe Escamilla, individually and on behalf of others similarly situated ("Plaintiff

Escamilla" or "Mr. Escamilla"), by and through his attorneys, Michael Faillace & Associates,

P.C., upon information and belief, and as against each of Defendants Desi Galli Inc. (d/b/a Desi

Galli ), Second Desi Galli LLC (d/b/a Desi Galli), ("Defendant Corporations"), Priavanda

Chouhan , Pria Vanda Patel , and Anita Sharma  (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

       1.     Plaintiff Escamilla is a former employee of Defendants Desi Galli Inc. (d/b/a Desi

Galli), Second Desi Galli LLC (d/b/a Desi Galli), Priavanda Chouhan, Pria Vanda Patel, and

Anita Sharmha.

2.      Desi Galli are two Indian takeouts/restaurants located at 101 Lexington Avenue, New York, NY 10016 and 172 Avenue B, New York, NY 10009, respectively.

3.      Upon information and belief, Defendants Priavanda Chouhan, Pria Vanda Patel, and Anita Sharmha serve or served as owners, managers, principals or agents of Defendant Corporations and through these corporate entities operate or operated the restaurants.

4.      Plaintiff Escamilla is a former employee of Defendants.

5.      Plaintiff Escamilla worked as a food preparer and ostensibly as a delivery worker at Defendants' Indian takeouts/restaurants located at 101 Lexington Avenue, New York, NY 10016 and 172 Avenue B, New York, NY 10009.

6.      Plaintiff Escamilla regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Escamilla appropriately for his hours worked, either at the straight rate of pay, or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Escamilla the required "spread of hours" pay for any day in which he worked over 10 hours.

9.      Defendants' conduct extended beyond Plaintiff Escamilla to all other similarly situated employees.

10.      At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Escamilla and other employees to work in excess of forty (40)

2

hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiff Escamilla now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and the "overtime wage order" codified at N.Y. COMP. CODES R. & REGS. Tit. 12 §§ 142-2.2, 2.4 (2006), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Escamilla seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question).  Supplemental jurisdiction over Plaintiff Escamilla's state law claims is conferred by 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Escamilla was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.     Plaintiff Noe Escamilla ("Plaintiff Escamilla" or "Mr. Escamilla") is an adult individual residing in Bronx County, New York.

16.     Plaintiff Escamilla was employed by Defendants from approximately May 2016 until on or about October 2016.

17.     At all relevant times to this complaint, Plaintiff Escamilla was employed by Defendants as a food preparer and delivery worker.

18.     Plaintiff Escamilla consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19.     Defendants own, operate and/or control two Indian takeouts/restaurants located at 101 Lexington Avenue, New York, NY 10016 and 172 Avenue B, New York, NY 10009 under the name "Desi Galli" at all times relevant to this complaint.

20.     Upon information and belief, Desi Galli Inc. (d/b/a Desi Galli) is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 101 Lexington Avenue New York, N.Y. 10016.

21.     Upon information and belief, Second Desi Galli LLC (d/b/a Desi Galli) is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 172 Avenue B New York, N.Y. 10009.

22.     Defendants Priavanda Chouhan, Pria Vanda Patel, and Anita Sharmha are individuals engaging in business within this judicial district during the relevant time period.

4

23.     Defendants Priavanda Chouhan Pria, Vanda Patel, and Anita Sharmha are sued individually in their capacity as owners, officers and/or agents of Defendant Corporations.

24.     Defendants Priavanda Chouhan, Pria Vanda Patel, and Anita Sharmha possess operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or control significant functions of Defendant Corporations.

25.      Defendants Priavanda Chouhan Pria Vanda Patel, and Anita Sharmha determine the wages and compensation of the employees of Defendants, including Plaintiff Escamilla, and establish the schedules of the employees, maintain employee records, and have the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

26.     Defendants operate two Indian takeouts/restaurants located in the Curry Hill and East village sections of Manhattan in New York City.

27.     Individual defendants Priavanda Chouhan, Pria Vanda Patel, and Anita Sharmha possess operational control over Defendant Corporations, possess an ownership interest in Defendant Corporations, and control significant functions of Defendant Corporations.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

29.     Each defendant possessed substantial control over Plaintiff Escamilla's (and other similarly situated employees') working conditions, and over the policies and practices with

respect to the employment and compensation of Plaintiff Escamilla, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employed Plaintiff Escamilla, and all similarly situated individuals, and are Plaintiff Escamilla's (and all similarly situated individuals) employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiff Escamilla and/or similarly situated individuals.

32.     Upon information and belief, individual defendants Priavanda Chouhan, Pria Vanda Patel, and Anita Sharmha  operate defendant Corporations as either alter egos of themselves, and/or fail to operate defendant Corporations as legal entities separate and apart from themselves by, among other things:

> (a)     failing to adhere to the corporate formalities necessary to operate defendant Corporations as separate and legally distinct entities;
>
> (b)     defectively forming or maintaining defendant Corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;
>
> (c)     transferring assets and debts freely as between all Defendants;
>
> (d)     operating defendant Corporations for their own benefit as the sole or majority shareholders;
>
> (e)     operating defendant Corporations for their own benefit and maintaining control over these corporations as closed corporations or closely controlled entities;

6

(f)     intermingling assets and debts of their own with defendant

          Corporations;

(g)    diminishing and/or transferring assets of defendant Corporations to protect

          their own interests; and

(h)    Other actions evincing a failure to adhere to the corporate form.

33.     At all relevant times, Defendants were Plaintiff Escamilla's employers within the meaning of the FLSA and NYLL.

34.     Defendants had the power to hire and fire Plaintiff Escamilla, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Escamilla's services.

35.     In each year from 2016 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used in the Indian takeouts/restaurants on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

37.     Plaintiff Escamilla is a former employee of Defendants who was employed as a food preparer and ostensibly as a delivery worker.

38.     Plaintiff Escamilla seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Noe Escamilla*

7

39.     Plaintiff Escamilla was employed by Defendants from approximately May 2016 until on or about October 2016.

40.     At all relevant times, Plaintiff Escamilla was employed by Defendants as a food preparer and ostensibly as a delivery worker.

41.     However, when ostensibly employed as a delivery worker, Plaintiff Escamilla was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

42.     Although Plaintiff Escamilla was ostensibly employed as a delivery worker, he spent more than 20% of his work time performing non-delivery work throughout his employment with Defendants.

43.     Plaintiff Escamilla regularly handled goods in interstate commerce such as cooking supplies.

44.     Plaintiff Escamilla's work duties required neither discretion nor independent judgment.

45.     Throughout his employment with Defendants, Plaintiff Escamilla regularly worked in excess of 40 hours per week.

46.     From approximately May 2016 until on or about September 2016, Plaintiff Escamilla worked from approximately 11:00 a.m. until on or about 11:00 or 11:30 p.m., Thursdays through Tuesdays at the Lexington Avenue location (typically 72 to 75 hours per week).

47.     During the entire month of October 2016, Plaintiff Escamilla worked from approximately 11:00 a.m. until on or about 11:00 or 11:30 p.m. Thursdays through Tuesdays at the Avenue B location (typically 72 to 75 hours per week).

48.     Throughout his employment with defendants, Plaintiff Escamilla was paid his wages in cash.

49.     From approximately May 2016 until on or about September 2016, defendants paid Plaintiff Escamilla a fixed salary of $600 per week.

50.     During the entire month of October 2016, defendants paid Plaintiff Escamilla a fixed salary of $650 per week.

51.     Plaintiff Escamilla's wages did not vary regardless of how many additional hours he worked in a week.

52.     In fact, Plaintiff Escamilla regularly started working 15 minutes prior to the start of his shift and would continue working 30 minutes past his scheduled stop time and was not compensated for this additional time.

53.     Plaintiff Escamilla was never notified by Defendants that his tips were being included as an offset for wages.

54.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Escamilla's wages.

55.     Defendants withheld a portion of Plaintiff Escamilla's tips; specifically, Defendants pocketed a portion of the tips Plaintiff Escamilla was paid on large delivery orders he made.

56.     Plaintiff Escamilla was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

57.     Defendants did not provide Plaintiff Escamilla with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

58.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Escamilla regarding overtime and wages under the FLSA and NYLL.

59.     Defendants never provided Plaintiff Escamilla with each payment of wages a statement of wages, as required by NYLL 195(3).

60.     Defendants never gave any notice to Plaintiff Escamilla, in English and in Spanish (Plaintiff Escamilla's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

61.     Defendants required Plaintiff Escamilla to purchase "tools of the trade" with his own funds—including 12 shirts and two pairs of kitchen shoes.

*Defendants' General Employment Practices*

61.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Escamilla to work in excess of 40 hours per week without paying him appropriate minimum wage, overtime, and spread of hours compensation, as required by federal and state laws.

62.     Defendants habitually required their employees, including Plaintiff Escamilla, to work additional time beyond their regular shifts, but never provided them with any additional compensation.

10

63.     Defendants' pay practices resulted in Defendants' employees, including Plaintiff Escamilla, never receiving payment for all their hours worked, which resulted in their effective rate of pay falling below the required minimum and overtime wage rate.

64.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Escamilla by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving Plaintiff Escamilla of a portion of the tips earned during the course of employment.

65.     Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Escamilla , and other tipped employees, in violation of New York Labor Law § 196-d (2007).

66.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

67.     Defendants failed to inform Plaintiff Escamilla that his tips would be credited towards the payment of the minimum wage.

68.     At no time did Defendants inform Plaintiff Escamilla that they had reduced his hourly wage by a tip allowance.

69.     Defendants failed to maintain a record of tips earned by Plaintiff Escamilla for the deliveries he made to customers.

70.     Defendants paid Plaintiff Escamilla all his wages in cash.

71.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

72.     By employing these practices, Defendants avoided paying Plaintiff Escamilla at the minimum wage and at the overtime rate of time and a half for most or all of his hours worked in excess of forty (40) hours per week.

73.     Defendants failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Escamilla with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Escamilla's relative lack of sophistication in wage and hour laws.

74.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Escamilla  (and similarly situated individuals) worked, and to avoid paying Plaintiff Escamilla  properly for (1) his full hours worked, (2) minimum wage,  (3)  overtime due and (4) spread of hours.

75.     Defendants failed to provide Plaintiff Escamilla  and other employees with wage statements at the time of their payment of wages, containing: the  dates  of work covered by that payment of wages; name of employee; name of employer; address and phone  number  of employer;  rate  or  rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary,  piece,  commission,  or  other;  gross wages;  deductions;  allowances,  if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the  number  of overtime  hours  worked, as required by NYLL §195(3).

76.     Defendants failed to provide Plaintiff Escamilla  and other employees, at the time of hiring and on or before February 1 of each subsequent year,  a statement in English and the employees'  primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether  paid  by  the  hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular  pay  day designated  by  the  employer;  the  name  of  the  employer; any "doing business  as"  names  used  by the employer; the physical address of the employer's main office or principal place of  business,  and  a  mailing address  if  different;  and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

77.     Plaintiff Escamilla brings his FLSA minimum wage, overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Desi Galli (the "FLSA Class").

78.     At all relevant times, Plaintiff Escamilla  and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times their regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and

other improper credits against their wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

79.     The claims of Plaintiff Escamilla stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

80.     Plaintiff Escamilla repeats and realleges all paragraphs above as though fully set forth herein.

81.     At all times relevant to this action, Defendants were Plaintiff Escamilla's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

82.     Defendants had the power to hire and fire Plaintiff Escamilla, controlled his terms and conditions of employment, and determined the rate and method of any compensation.

83.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

84.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

85.     Defendants failed to pay Plaintiff Escamilla (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

86.     Defendants' failure to pay Plaintiff Escamilla (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

87.     Plaintiff Escamilla (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

**(VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)**

88.    Plaintiff Escamilla repeats and realleges all paragraphs above as though fully set forth herein.

89.    At all times relevant to this action, Defendants were Plaintiff Escamilla's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Escamilla, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

90.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

91.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

92.    Defendants, in violation of 29 U.S.C. § 207 (a)(1), failed to pay Plaintiff Escamilla  (and the FLSA Class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

93.    Defendants' failure to pay Plaintiff Escamilla (and the FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

94.     Plaintiff Escamilla (and the FLSA Class members were damaged in an amount to be determined at trial.

15

**THIRD CAUSE OF ACTION**
**(VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)**

95.     Plaintiff Escamilla repeats and re-alleges all paragraphs above as though fully set forth herein.

96.     At all times relevant to this action, Defendants were Plaintiff Escamilla's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Escamilla, controlled his terms and conditions of employment, and determined the rates and methods of any compensation in exchange for his employment.

97.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Escamilla (and the FLSA Class members less than the minimum wage.

98.     Defendants' failure to pay Plaintiff Escamilla (and the FLSA Class members the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

99.     Plaintiff Escamilla (and the FLSA Class members were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF THE**
**NEW YORK STATE LABOR LAW)**

100.     Plaintiff Escamilla repeats and realleges all paragraphs above as though fully set forth herein.

101.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Escamilla  (and the FLSA Class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

16

102.     Defendants' failure to pay Plaintiff Escamilla (and the FLSA Class members overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

103.     Plaintiff Escamilla (and the FLSA Class members were damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW)

104.     Plaintiff Escamilla repeats and realleges all paragraphs above as though fully set forth herein.

105.     Defendants failed to provide Plaintiff Escamilla with a written notice, in English and in Spanish (Plaintiff Escamilla's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

106.     Defendants are liable to Plaintiff Escamilla in the amount of $5,000, together with costs and attorneys' fees.

### SIXTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW)

107.     Plaintiff Escamilla repeats and realleges all paragraphs above as though set forth fully herein.

108.     Defendants did not provide Plaintiff Escamilla with wage statements upon each payment of wages, as required by NYLL 195(3).

109.     Defendants are liable to Plaintiff Escamilla in the amount of $5,000, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMISSIONER OF LABOR

110.    Plaintiff Escamilla repeats and realleges all paragraphs above as though fully set forth herein.

111.    Defendants failed to pay Plaintiff Escamilla  (and the FLSA Class members one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Escamilla 's spread of hours exceeded ten hours in violation of NYLL §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-1.6.

112.    Defendants' failure to pay Plaintiff Escamilla  (and the FLSA Class members an additional hour's pay for each day Plaintiff Escamilla 's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

113.    Plaintiff Escamilla (and the FLSA Class members were damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
## (RECOVERY OF EQUIPMENT COSTS)

114.    Plaintiff Escamilla repeats and re-alleges all paragraphs above as though set forth fully herein.

115.    Defendants required Plaintiff Escamilla to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, such as bicycles, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

116.    Plaintiff Escamilla were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
### (VIOLATION OF THE TIP WITHHOLDING PROVISIONS OF THE NEW YORK LABOR LAW)

117.    Plaintiff Escamilla repeats and re-alleges all paragraphs above as though set forth fully herein.

118.    Defendants unlawfully and without permission from Plaintiff Escamilla misappropriated and withheld gratuities paid by customers which should have been retained by Plaintiff Venegas.

119.    Defendants' action violated NYLL §196-d.

120.    Defendants are liable to Plaintiff Escamilla in an amount to be determined at trial.


### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Escamilla respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Escamilla and the FLSA class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Escamilla  and the FLSA class

members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Escamilla's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Escamilla  and the FLSA class members;

(f)     Awarding Plaintiff Escamilla and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)     Awarding Plaintiff Escamilla (and the FLSA Class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(h)     Awarding Plaintiff Escamilla and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(i)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Escamilla and the members of the FLSA Class;

(j)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Escamilla  and the members of the FLSA

Class;

(k)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Escamilla and the members of the FLSA Class;

(l)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Escamilla's, and the FLSA Class members', compensation, hours, wages, and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Escamilla and the FLSA Class members;

(n)     Declaring that Defendants violated NYLL §196-d.

(o)     Awarding Plaintiff Escamilla and the FLSA class members damages for the amount of unpaid minimum wage, spread of hours pay and overtime compensation , as well as damages for any improper deductions or credits taken against wages;

(p)     Awarding Plaintiff Escamilla damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b) and 198(1-d);

(q)     Awarding Plaintiff Escamilla and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(r)     Awarding Plaintiff Escamilla and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

21

(s)     Awarding Plaintiff Escamilla  and the FLSA class members pre-judgment and

post-judgment interest as applicable;

(t)      Awarding Plaintiff Escamilla  and the FLSA class members the expenses

incurred in this action, including costs and attorneys' fees;

(u)     Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

(v)     All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Escamilla demands a trial by jury on all issues triable by a jury.


Dated: New York, New York
      April 21, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.


_____    /s/ Michael Faillace_____

By:    Michael A. Faillace [MF-8436]
      60 East 42nd Street, Suite 4510
      New York, New York 10165
      (212) 317-1200
      *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 6, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                            Noe Escamilla

Legal Representative / Abogado:

                                         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:

                                         06 de abril de 2017