UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NOE ESCAMILLA, individually and on behalf     17 Civ. 2936 (GHW)
of others similarly situated,

      Plaintiffs,

-against-


DESI GALLI INC. (d/b/a DESI GALLI),
SECOND DESI GALLI LLC (d/b/a DESI GALLI),
PRIAVANDA CHOUHAN,
PRIA VANDA PATEL,
and ANITA SHARMHA,,

      Defendants.
-----------------------------------------------------------X

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and between Noe Escamilla ("Plaintiff"), on the one hand, and Desi Galli Inc. (d/b/a Desi Galli ), Second Desi Galli LLC (d/b/a Desi Galli), and Priavanda Patel a/k/a Priavanda Chouhan (married name) a/k/a Anita Sharmha, on the other hand, (collectively referred to herein as "Defendants");,

  A. WHEREAS, Plaintiff has brought the above-captioned action against Defendants alleging violations of the federal Fair Labor Standards Act (hereinafter "FLSA") and the New York State Labor Law ("Action"); and

  B. WHEREAS, Defendants deny Plaintiff's claims; and

  C. WHEREAS, Plaintiff and Defendants wish to avoid the uncertainties and expense of future proceedings in this Action; and

-1-

D. WHEREAS, Defendants enter into this Agreement with Plaintiff to provide Plaintiff with the consideration specified in Paragraph 1 below in exchange for Plaintiff's promises set forth in this Agreement.

The parties voluntarily settle this Action based on the following terms:

1. **Consideration to be Provided to PLAINTIFFS.**

Defendants shall pay Plaintiff the total amount of THIRTY-SIX THOUSAND DOLLARS ($36,000.00) to be paid in 24 monthly payments of ONE THOUSAND FIVE HUNDRED DOLLARS ($1,500.00). The first payment shall be due on the first business day after the later of thirty (30) days after Court approval of the settlement of this Action or upon the full execution of this Agreement and the execution of a Form W-9 by Plaintiff's counsel. Each subsequent payment shall be due on the 15th of the month. In addition, each payment shall be in the form of a check made payable to "Michael Faillace and Associates, P.C. as Attorney for Plaintiffs." Determination of the Plaintiff's share, counsel fees, and costs are the sole responsibility of Plaintiff and his counsel.

Plaintiff further agrees that he will be individually responsible for any employee taxes due on the payments set forth in this Agreement and shall indemnify and hold Defendants harmless for any such liability with respect to those payments. Plaintiff acknowledges that his attorneys' fees and expenses will be paid from the payments set forth in this Paragraph 1, and there will be no further or separate claim for attorneys' fees or expenses.

2. **Adequate Consideration.**

Plaintiff expressly stipulates that the consideration referred to in Paragraph 1 constitutes

adequate and ample consideration for the rights and claims he is waiving under this Agreement and for the obligations imposed upon him under this Agreement. Plaintiff expressly agrees and acknowledges that Defendants have promised to pay the consideration referred to in Paragraph 1 of this Agreement in exchange for the releases, waivers, and promises made by Plaintiff herein. In exchange for this Agreement, Plaintiff's counsel will provide Defendants' counsel with an executed Stipulation of Discontinuance With Prejudice, which is annexed hereto as Exhibit A, and which will be filed with the Court after approval by the Court that the settlement is fair and reasonable, and Defendants' delivery of the first payment set forth in paragraph One herein.

3. **Release of Claims by Plaintiffs.**

Plaintiff voluntarily and irrevocably releases and forever discharges Defendants, as well as each of their parents, subsidiaries, affiliates, their related domestic and foreign business entities, corporations, partnerships, as well as their past, present, and future officers, directors, employees, partners, representatives, members, owners, shareholders, investors, agents, insurers, attorneys, successors, predecessors, successors in interest, assigns, executors and heirs from and against any and all claims, obligations, debts, liabilities, demands, or causes of action of any kind whatsoever with respect to any alleged acts occurring before the effective date of this Agreement as it relates to any claims made by the Plaintiff that he was not paid overtime, minimum wage, spread of hours and/or other wages, tips, recovery of equipment costs (tools of the trade) and was not provided with wage records in connection with his employment in violation of the FLSA and the New York Labor Law. The claims released by Plaintiff include any and all claims against Defendants arising from his employment with Defendants pursuant to the FLSA and the New

York Labor Law which were asserted in this Action, including claims for unpaid overtime, unpaid minimum wage, recovery of equipment costs (i.e. tools of the trade), unpaid spread of hours pay (New York Comp, Codes Rules & Regulations § 142-2.4) as well as claims for failure to maintain and/or provide wage records pursuant to New York Labor Law § 195(1) and (3), and the unlawful withholding of tips pursuant to New York Labor Law § 196-d. Plaintiff understands that he is releasing any and all claims asserted against Defendants pursuant to the FLSA and New York Labor Law during the course of this litigation.

4. **Affirmations by Plaintiff.**

a. Plaintiff agrees that with respect to the claims he is waiving, he waives not only his right to recover money or other relief in any action that he might institute, individually or collectively, but also that in the event a claim is brought on his behalf, individually or jointly, by any other person or entity, before the United States Department of Labor, the New York State Department of Labor, or any other (U.S. or foreign) federal, state, or local governmental agency, department, or court as it relates to the claims released by the Plaintiff in this Agreement, he is waiving his right to recover money or other relief in such action.

b. As a result of this settlement, Plaintiff admits and affirms that (i) he has had an opportunity to consult his attorney about whether this settlement is reasonable and fully satisfies his claims against Defendants; (ii) he has no other outstanding lawsuits or claims against Defendants other than the Action.

c. Plaintiff affirms his understanding that the statute of limitations for any claim he might possess, including under any of the statutes referenced in Paragraph 3, is not tolled by the signing of this Agreement or the negotiations leading up to the formation of this

Agreement.

      d.     Plaintiff has entered into this Agreement under his own free will and volition upon consultation with his attorney.

      e.     Plaintiff has had this Settlement Agreement read to him by his counsel and/or an employee thereof in his native language.

**5. No Admission of Liability or Wrongdoing.**

Plaintiff agrees that nothing contained in this Agreement or otherwise shall constitute or be construed as an admission of any alleged liability or wrongdoing by Defendants. Defendants deny that they engaged in any wrongdoing of any kind with respect to Plaintiff.

**6. Breach.**

In connection with this action, Defendants shall execute affidavits of confessions of judgment which are annexed hereto as Exhibit B. In the event of a breach of this Agreement by Defendants related to Plaintiff's failure to receive the payments set forth in Paragraph 1, Plaintiff by his attorney, shall send written notice of such breach by first class mail to Defendants' counsel, Doshi Legal Group, 1979 Marcus Ave, Suite 210E, Attn: Amish Doshi, Esq. and by email to amish@doshilegal.com. Upon notice of such breach, Defendants shall have ten (10) business days to cure such breach. If such breach is not cured within ten (10) business days, Plaintiff shall be permitted to file the confessions of judgment with the New York County Clerk and/or in a Court of competent jurisdiction in the amount of $50,000.00 plus attorneys' fees incurred in connection with the filing of the confessions of judgment and interest, less amounts previously paid by Defendants pursuant to this Agreement.

In the event of a dispute as to the interpretation, application, or violation of this

Agreement, including any breach of the Agreement, it is understood and agreed that such dispute shall be resolved before the United States District Court, Southern District of New York. The United States District Court, Southern District of New York shall retain jurisdiction for purposes of enforcing the parties' Settlement Agreement. The parties agree that any such dispute shall be resolved by a judge, not by a jury. The prevailing party shall be entitled to attorneys' fees.

### 7. Advice of Counsel.

All parties acknowledge that they have had an opportunity to receive advice about the terms and legal effects of this Agreement from counsel of their choosing. Plaintiff hereby represents that he has consulted his attorney(s) about this Agreement before signing it.

### 8. Severability.

Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of this Agreement.

### 9. Governing Law and Interpretation.

This Agreement shall be governed by and construed in accordance with the laws of the State of New York. Its language shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless as to which party may have drafted the language in question.

### 10. Disputes; Damages.

In the event of a dispute as to the interpretation, application, or violation of this

Agreement, it is understood and agreed that such dispute shall be resolved before the United States District Court, Southern District of New York. The parties agree that any such dispute shall be resolved by a judge, not by a jury. Neither party shall be entitled to an award of compensatory, exemplary, or punitive damages in any dispute that might arise under this Agreement.

**11.    Waiting Period, Right of Revocation, Effective Date.**

Plaintiff acknowledges that he has been provided with a reasonable period of time within which to consider this settlement and to decide whether to execute this Agreement, and that he has been given the opportunity and, in fact, has consulted with an attorney. The effective date of this Agreement is the date on which Plaintiff signs this Agreement.

**12.    Entire Agreement.**

All parties represent and agree that they are not relying on any representations, promises, statements, or agreements not contained in this Agreement. All parties represent and agree that this is an all-inclusive Agreement and that no other written, oral, and/or implied representations, promises, or agreements exist between them regarding the subject matter set forth in this Agreement. This Agreement cannot be modified, amended, terminated, or otherwise changed unless it is done so pursuant to a written document signed by both Plaintiff and Defendants.

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING**

EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH ONE ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS PURSUANT TO PARAGRAPH 3 OF THIS AGREEMENT. THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

THIS IS A LEGAL DOCUMENT - READ CAREFULLY BEFORE SIGNING.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

                                            */s/*
                              **NOE ESCAMILLA**

                              Date: 5/10/18

Sworn to and subscribed before me this
10TH day of MAY, 2018.

*/s/*

Notary Public, State of New York

> MARIA J CEDENO CASSINELLI
> Notary Public, State of New York
> Registration #01CE6332862
> Qualified In Nassau County
> Commission Expires Nov. 9, 2019

                              Priavanda Patel a/k/a Priavanda Chouhan (married name),
                              as an individual

                              Date:

Sworn to and subscribed before me this
_____ day of _____, 2018.

Notary Public, State of New York

                              Desi Galli Inc. (d/b/a Desi Galli )
                              **By:** Priavanda Chouhan
                              Date:

Sworn to and subscribed before me this
_____ day of _____, 2018.

Notary Public, State of New York

_____
**NOE ESCAMILLA**

Date:

Sworn to and subscribed before me this
__10__ day of __May__, 2018.

_____/s/_____
Notary Public, State of New York

> GRAHAM A ORR
> Notary Public – State of New York
> NO. 01OR6282923
> Qualified in Queens County
> My Commission Expires May 28, 2021

_____/s/_____
Priavanda Patel a/k/a Priavanda Chouhan (married name),
as an individual

Date: 05/10/2018

Sworn to and subscribed before me this
__10__ day of __May__, 2018.

_____/s/_____
Notary Public, State of New York

> GRAHAM A ORR
> Notary Public – State of New York
> NO. 01OR6282923
> Qualified in Queens County
> My Commission Expires May 28, 2021

_____/s/_____
Desi Galli Inc. (d/b/a Desi Galli )
By: Priavanda Chouhan
Date: 05/10/2018

Sworn to and subscribed before me this
__10__ day of __May__, 2018.

_____/s/_____
Notary Public, State of New York

> GRAHAM A ORR
> Notary Public – State of New York
> NO. 01OR6282923
> Qualified in Queens County
> My Commission Expires May 28, 2021

_____
Second Desi Galli LLC (d/b/a Desi Galli)
**By: Priyavanda Chouhan**
Date:

Sworn to and subscribed before me this
10 day of May, 2018.

_____
Notary Public, State of New York

GRAHAM A ORR
Notary Public – State of New York
NO. 01OR6282923
Qualified in Queens County
My Commission Expires May 28, 2021

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NOE ESCAMILLA, individually and on behalf    17 Civ. 2936 (GHW)
of others similarly situated,

                      Plaintiffs,

  -against-

DESI GALLI INC. (d/b/a DESI GALLI),
SECOND DESI GALLI LLC (d/b/a DESI GALLI),
PRIAVANDA CHOUHAN,
PRIA VANDA PATEL,
and ANITA SHARMHA,
                    Defendants.
-----------------------------------------------------------X

### **STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED that this action has been discontinued and is hereby dismissed with prejudice, without costs to any party against any other. This Stipulation may be filed with the Court without further notice to any party.

This Court shall retain jurisdiction to enforce the parties' Settlement Agreement.

Dated: _____, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.    DOSHI LEGAL GROUP, P.C.

By:_____                     By:_____
Colin Mulholland, Esq.                              Amish Doshi, Esq.
*Attorneys for Plaintiffs*                              *Attorneys for Defendants*
50 East 42nd Street, Suite 4510               1979 Marcus Ave., Suite 210E
New York, NY 10165                             Lake Success, NY 11042
Tel: (212) 317-1200                                  Tel: (516) 622-2335

                                                             So Ordered

                                                             _____
                                                             U.S.D.J.

**EXHIBIT B**

NEW YORK SUPREME COURT

------------------------------------------------------------X
NOE ESCAMILLA,
                  *Plaintiffs*,
       -against-

DESI GALLI INC. (d/b/a DESI GALLI),
SECOND DESI GALLI LLC (d/b/a DESI GALLI),
PRIAVANDA CHOUHAN,
PRIA VANDA PATEL,
and ANITA SHARMHA,
                *Defendants*
------------------------------------------------------------X

                                      AFFIDAVIT OF
                                      CONFESSION
                                      OF JUDGMENT

STATE OF NEW YORK  )
                           ) ss.
COUNTY OF NEW YORK  )

      Priavanda Chouhan, aka Priavanda Patel, being duly sworn, deposes and says:

      1.    I, Priavanda Chouhan, aka Priavanda Patel reside at 300 e. 40TH Street, #11E, NY, NY 10016.

      2.    I have authority to sign on behalf of myself, on behalf of Desi Galli Inc. (d/b/a Desi Galli ) and Second Desi Galli LLC (d/b/a Desi Galli), and I am duly authorized to make this affidavit on my own, as well as on behalf of Desi Galli Inc. (d/b/a Desi Galli ) and Second Desi Galli LLC (d/b/a Desi Galli)

      **3.**    I hereby confess judgment and authorize entry of judgment against Desi Galli Inc. (d/b/a Desi Galli ), Second Desi Galli LLC (d/b/a Desi Galli), and myself, jointly and severally, in favor of Plaintiff for the sum of FIFTY THOUSAND Dollars ($50,000.00 USD), less any payments previously received pursuant to the terms of the Settlement Agreement and General Release entered into to settle the Southern District Court action **Escamilla, et al v. Desi Galli, Inc., et al Case No. 17-cv-2936** (the "Settlement Agreement"), signed by Plaintiff and Defendants in the above-captioned proceeding.

      4.    This Confession of Judgment is for a debt justly due or to become due to Plaintiff pursuant to the Settlement Agreement, and Defendants' uncured default in payment under the Settlement Agreement.

      5.    I hereby represent my understanding that upon Defendants' uncured breach of the

Settlement Agreement after receiving notice pursuant to the Settlement Agreement, and in accordance with the Settlement Agreement, this Confession of Judgment shall be docketed and entered as a judgment against me personally and against Desi Galli Inc. (d/b/a Desi Galli ) and Second Desi Galli LLC (d/b/a Desi Galli), jointly and severally.

6. I hereby authorize Plaintiff, or his heirs, executors, administrators, or assigns, to enter judgment against me, individually, and against Desi Galli Inc. (d/b/a Desi Galli ) and Second Desi Galli LLC (d/b/a Desi Galli), jointly and severally, for the above designated sum and interest accrued.

7. This Confession of Judgment shall remain in escrow and judgment shall not be entered unless and until there is an uncured default in any of the payments due under the Settlement Agreement, in accordance with the terms of the Settlement Agreement.

8. In accordance with the terms of the Settlement Agreement, if there is an uncured default in any of the payments due under the Settlement Agreement, I authorize entry of this confession of judgment in the New York State Supreme Court.

9. Judgment is not confessed with fraudulent intent or to protect my property from creditors.

10. Upon clearance of the final payment check, this Confession of Judgment being held in escrow by Plaintiff's counsel will become null and void, and Plaintiff's counsel will provide a statement that the settlement has been paid in full.

_____  05/10/2018
Priavanda Chouhan                 Date

STATE OF NEW YORK     }
                      }S.S.
COUNTY OF New York    }

On May 16, 2018, before me personally came Priavanda Chouhan to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit of Confession of Judgment, for herself and on behalf of Desi Galli Inc. (d/b/a Desi Galli ) and Second Desi Galli LLC (d/b/a Desi Galli) and duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

GRAHAM A ORR
Notary Public - State of New York
NO. 01OR6282923
Qualified in Queens County
My Commission Expires May 28, 2021